UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. 1:10-CR-00692 |
| | § | |
| ALEJANDRO ALVAREZ-BARRERA | § | |

## ORDER AND OPINION

Defendant Alejandro Alvarez-Barrera requests that the Court reduce his sentence and order his release due to his son's mental health condition. (Motion, Doc. 130, 3) Based on the record and the applicable law, the Court concludes that Alvarez has not demonstrated that extraordinary and compelling reasons support a reduction of his sentence.

**I**

In January 2011, the Court sentenced Alvarez to 87 months in the Bureau of Prisons and 5 years of supervised release after he pled guilty to the crime of Possession with Intent to Distribute a Quantity Less Than Five (5) Kilograms of Cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), and 18 U.S.C. § 2. (Judgment, Doc. 86, 1–3) He served the custodial sentence and began his term of supervised release.

In January 2020, this Court revoked Alvarez's supervised release term for committing a federal crime while on supervised release. The Court sentenced him to 18 months in the custody of the Bureau of Prisons, to run consecutively to the 84-month sentence imposed by the United States District Court for the District of North Dakota for the federal crime forming the basis of the revocation sentence. (Judgment for Revocation, Doc. 129, 1–3)

Alvarez is currently serving his sentence at the Federal Correctional Institute Florence in Florence, Colorado. (Motion, Doc. 130, 1)

**II**

The First Step Act permits defendants to present a request for a reduction of sentence directly to the courts under 18 U.S.C. § 3582(c)(1). The statute contains specific requirements for

submitting direct petitions. The defendant must either first "fully exhaust[] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," or wait for "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." *Id.* at § 3582(c)(1)(A). In the latter scenario, the defendant need not exhaust available administrative remedies.

Alvarez has met the requirements of Section 3582(c)(1)(A). The record shows that on August 31, 2022, Alvarez submitted his request for relief to Warden Lepe at the Federal Correctional Institute Florence in Florence, Colorado. (Inmate Request, Doc. 130, 6–7) As more than thirty days have lapsed since Alvarez submitted the request, he has satisfied the threshold requirements of Section 3582(c)(1)(A).

### III

A court may reduce a defendant's sentence based on the factors set forth in 18 U.S.C. § 3553(a) if the court finds that "extraordinary and compelling reasons warrant such a reduction" and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission". 18 U.S.C. § 3582(c)(1)(A)(i). No applicable policy statements exist, as the Sentencing Commission has not promulgated any policy statement in response to the First Step Act, and the policy statement within Section 1B1.13 of the United States Sentencing Guidelines applies only when the Director of the Bureau of Prisons has presented a motion under Section 3582. *See United States v. Shkambi*, 993 F.3d 388, 392–93 (5th Cir. 2021). As a result, the Court is bound only by Section 3582(c)(1)(A) and the sentencing factors in Section 3553(a). *Id.* at 393. The Court considers these factors to determine whether "extraordinary and compelling reasons warrant" a reduction of the defendant's sentence.

In support of his request, Alvarez describes a car accident that killed both his granddaughter and daughter-in-law and led to his son's mental collapse. Alvarez seeks compassionate release to provide care for his son and his family. (Motion, Doc. 130, 3–4) While tragic, these circumstances do not represent the extraordinary circumstances that warrant relief

under Section 3852(c). In addition, Alvarez's continuing serious violations of federal law demonstrate that he poses a risk of harm to the public.

Based on the record before the Court, Alvarez has not demonstrated that the factors governing requests under Section 3582(c)(1) weigh in favor of the relief he seeks.

Accordingly, it is:

**ORDERED** that the Petition Requesting a Reduction of the Sentence or Immediate Release (Doc. 130) is **DENIED**.

Signed on December 16, 2022.

_____
Fernando Rodriguez, Jr.
United States District Judge